UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHESTER R. HOFFMANN,

      Plaintiff,

v.                                                              Case No: 8:17-cv-1594-T-23JSS

CRYSTAL LAZANIS,

      Defendant.

_____/

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Affidavit of Indigency, which the Court construes as a Motion for Leave to Proceed *in Forma Pauperis*. (Dkt. 2.)  Upon consideration of Plaintiff's Complaint, it appears that this Court lacks subject-matter jurisdiction over this case. Therefore, it is recommended that Plaintiff's Complaint be dismissed.

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security.  28 U.S.C. § 1915(a)(1).  When considering a motion filed under Section 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'"  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)).  Plaintiff's Affidavit sufficiently establishes his financial eligibility to proceed *in forma pauperis* in this case.  (Dkt. 2.)  Plaintiff did not, however, notarize his Affidavit or complete the "Affidavit Certificate (Prisoner Accounts Only)", as is required by the form.

Additionally, when an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it sua sponte if the court determines that the action is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Likewise, a federal court may raise jurisdictional issues on its own initiative at any stage of litigation, and the court may dismiss a complaint for lack of subject-matter jurisdiction based on the complaint alone.  *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Subject-matter jurisdiction may be based on either federal question jurisdiction or diversity jurisdiction. *Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 F. App'x 11, 15 (11th Cir. 2010).

Diversity jurisdiction, upon which Plaintiff's Complaint is predicated (Dkt. 1 ¶ 1), requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332; *see Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.").  Upon review of Plaintiff's Complaint, it does not appear that subject-matter jurisdiction exists over this case.  Plaintiff alleges that after he was incarcerated in January 2015, Defendant Chrystal Lazanis converted his home and automobile repair business.  (Dkt. 1 ¶ 3.) Specifically, he alleges that he granted Defendant power of attorney while he was incarcerated so that he could obtain his municipal license from the City of Winter Haven.  (*Id.* ¶ 5.)  Plaintiff alleges that Defendant used the power of attorney to possess Plaintiff's house and auto repair shop and sell Plaintiff's cars without his permission.  (*Id.* ¶¶ 3–5.)

Plaintiff alleges that both he and Defendant are citizens of Florida.  (*Id.* ¶ 1.)  Further, Plaintiff alleges that he is currently incarcerated in the Santa Rosa Correctional Institution in Milton, Florida, and that Defendant's address is in Winter Haven, Florida.  (*Id.* ¶ 2.)  Therefore, on the face of the Complaint, it appears that Plaintiff and all Defendant are both citizens of the

- 3 -

state of Florida.  As such, the parties in this case are not citizens of different states, as required under diversity jurisdiction.  Further, federal question jurisdiction, which "exists when an action arises under the Constitution, laws, or treaties of the United States," *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994), is not present because Plaintiff's claim is for recovery of allegedly converted property.  (Dkt. 1 ¶ 6.)  Accordingly, it is

>    **RECOMMENDED**:

1.  Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 2) be **DENIED**.

2.  Plaintiff's Complaint (Dkt. 1) be **DISMISSED** without prejudice.  *See Butler*, 562 F. App'x at 835 (internal quotation omitted) ("A district court must grant a plaintiff at least one opportunity to amend his complaint before dismissal if it appears a more carefully drafted complaint might state a claim upon which relief can be granted, even if the plaintiff never seeks leave to amend.").

>    **IT IS SO REPORTED** in Tampa, Florida, on July 6, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

- 4 -

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Steven D. Merryday
Unrepresented Party